IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DONALD WRIGHT,
SOMMER WRIGHT, and
JANEA BEENE,

    Plaintiffs,

v.

TIM TURNER, individually,
BRIAN SPENCER, individually, and
JENNIFER H. MCBEE, individually,

    Defendants.

Case No. CIV-14-296-RAW

## ORDER

Plaintiffs, *pro se*, filed this action on July 22, 2014. Now before the court is the motion to dismiss filed by the Honorable Jennifer McBee of the District Court of Pittsburg County [Docket No. 11]. Plaintiffs filed a response to the motion to dismiss combined with a "motion for default on Defendants Brian Spencer and Tim Turner" [Docket No. 13].

The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Pursuant to Local Civil Rule 7.1(f), response briefs "may not also include a motion or a cross-motion made by the responding party." Accordingly, Plaintiffs' motion for default is denied. The court, however, directs Defendants Brian Spencer and Tim Turner to file an answer or a motion to dismiss no later than September 22, 2014.

## Judicial Immunity

Plaintiffs have brought claims against Judge Jennifer McBee based on her act of signing a warrant. The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002). The absolute judicial immunity doctrine is founded on "a general principle of the highest importance to the proper administration of justice" – "that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)).

The doctrine of absolute judicial immunity applies to all judges. Id. There are only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." Stein v. Disciplinary Bd. of Supreme Court of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008) (internal brackets and quotation marks omitted)(quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). As to the first exception, whether an action is within a judge's judicial capacity relates "to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 12 (quoting Stump, 435 U.S. at 362).

As to the second exception, the scope of a judge's jurisdiction is "construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356-57. For this exception to apply, the judge must have acted "in the clear absence of all jurisdiction." Id. The Supreme Court provides an example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." Id. at 357 n.7.

Plaintiffs complain of an action taken by Judge McBee that was clearly within her judicial capacity and jurisdiction – the signing of a warrant. Judge McBee, therefore, is entitled to absolute judicial immunity. Accordingly, the motion to dismiss is granted, and Judge McBee is dismissed from this action.

## Conclusion

The motion to dismiss [Docket No. 11] is GRANTED. Judge McBee is hereby dismissed from this action. The motion for default judgment [Docket No. 13] is DENIED. Defendants Brian Spencer and Tim Turner are hereby directed to file an answer or a motion to dismiss no later than September 22, 2014.

IT IS SO ORDERED this 8th day of September, 2014.

*Ronald A. White*
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**