IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DONALD WRIGHT,
SOMMER WRIGHT, and
JANEA BEENE,

      Plaintiffs,

v.

TIM TURNER, individually, and
BRIAN SPENCER, individually,

      Defendants.

Case No. CIV-14-296-RAW

## ORDER

Before the court are Plaintiffs' motion for reconsideration [Docket No. 19], Plaintiffs' Amended Complaint [Docket No. 20], and Defendants' motions to dismiss [Docket Nos. 18 and 24]. For the reasons set forth below, Plaintiffs' motion for reconsideration is denied. The Amended Complaint is stricken. The motion to dismiss the Amended Complaint, therefore, is moot. The motion to dismiss is denied at this time. Plaintiffs shall perfect service and file the executed summons with this court no later than December 29, 2014. Plaintiffs may then request leave to amend if they so desire. If Plaintiffs fail to perfect service by December 29, 2014, this action will be dismissed for lack of service and failure to prosecute.

## *BACKGROUND*

Plaintiffs filed this *pro se*[1] action on July 22, 2014 against two police officers working

---

[1] The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories,

with the United States Drug Enforcement Administration and a Judge of the District Court of Pittsburg County. Plaintiffs served each Defendant individually on or before August 1, 2014. Plaintiffs did not serve the United States. On September 8, 2014, the court granted Judge Jennifer McBee's motion to dismiss.[2] The court also directed Bryan[3] Spencer and Tim Turner to file an answer or motion to dismiss by September 22, 2014. On September 18, 2014, Plaintiffs appealed this court's order dismissing Judge McBee. That appeal was dismissed for lack of prosecution on October 22, 2014.

Mr. Spencer and Mr. Turner filed a motion to dismiss on September 19, 2014, requesting this action be dismissed for lack of service. On October 3, 2014, without leave of court or written consent from Defendants, Plaintiffs filed an Amended Complaint. Plaintiffs served the United States with the Amended Complaint on the same day.

## *MOTION FOR RECONSIDERATION*

Plaintiffs request reconsideration of the order dismissing Judge McBee from this action, arguing that the court "protect[ed] his Subordinates in a Union type buddy system." As the court informed Plaintiffs in its order granting Judge McBee's motion to dismiss, the doctrine of judicial immunity is essential to our judicial system. It is founded on "a general principle of the

---

his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

[2]As Plaintiffs' complained of an action taken by Judge McBee within her judicial capacity and jurisdiction, she was entitled to absolute judicial immunity.

[3]Mr. Spencer informs the court that his name is misspelled in the Complaint.

2

highest importance to the proper administration of justice" – "that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)). Accordingly, Plaintiffs' motion for reconsideration is denied.[4]

## *AMENDED COMPLAINT*

As noted above, Plaintiffs filed an Amended Complaint on October 2, 2014, without leave of court or the remaining Defendants' written consent. The Amended Complaint is very similar to the original Complaint, with conclusory allegations against Judge McBee (despite her having been dismissed from this action), Mr. Spencer, Mr. Turner, and the United States.

Federal Rule of Civil Procedure 15 allows a plaintiff to amend a complaint once as a matter of course within 21 days. Thereafter, a plaintiff may only amend with leave of court or written consent from the opposing parties. Fed. R. Civ. P. 15(2). The court freely gives leave when justice requires. In this instance, justice does not so require. In fact, if Plaintiffs comply with the court's order below, they will likely need an opportunity to amend so that their Complaint will not be dismissed based on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Accordingly, the Amended Complaint is hereby stricken and the motion to dismiss it is moot.

## *MOTION TO DISMISS BRYAN SPENCER AND TIM TURNER*

---

[4]The court notes that within this motion, Plaintiffs also ask whether the court would "recuse himself from bias towards Plaintiffs." The court has no bias toward Plaintiffs.

Without waiving service, Defendants filed the pending motion to dismiss, arguing that this action should be dismissed for lack of service. To properly serve an officer of the United States in his individual capacity, a party must serve the United States and also serve the officer individually. Fed. R. Civ. P. 4(i)(3). Plaintiff served the officers individually with the original Complaint, but has yet to serve the United States with it. The court declines to dismiss the action at this time on this basis. Instead, the court will afford the *pro se* Plaintiffs an opportunity to perfect service. Plaintiffs shall serve the United States with the original Complaint and file the executed summons with the court no later than December 29, 2014. If Plaintiffs fail to do so, this action will be dismissed for lack of proper service and failure to prosecute.

*CONCLUSION*

As stated herein, Plaintiffs' motion for reconsideration [Docket No. 19] is denied. The Amended Complaint [Docket No. 20] is stricken. The motion to dismiss the Amended Complaint [Docket No. 24] is moot. The motion to dismiss [Docket No. 18] is denied at this time. Plaintiffs shall perfect service and file the executed summons no later than December 29, 2014. Plaintiffs may then request leave to amend if they so desire. If Plaintiffs fail to perfect service by December 29, 2014, this action will be dismissed for lack of service and failure to prosecute.

IT IS SO ORDERED this 11th day of December, 2014.

Ronald A. White
United States District Judge
Eastern District of Oklahoma