# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WRIGHT, SOMMER WRIGHT, and JANEA BEENE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TIM TURNER, individually, and BRYAN SPENCER, individually,<br><br>　　　　Defendants. | Case No. CIV-14-296-RAW |

## ORDER & OPINION

Plaintiffs filed this *pro se* action on July 22, 2014 alleging Defendants "engaged in an ongoing, organized, and orchestrated conspiracy to commit fraud" against Plaintiffs. Under the caption "fraud conspiracy / obstruction of justice," Plaintiffs cite to 42 U.S.C. §§ 1983, 1981, 1985, 1988 and 18 U.S.C. §§ 241, 242, 1512, 1968 and 1964. Page 4 of the 7 page Complaint appears to be an article on the topic of asset forfeiture. Plaintiffs request a permanent injunction against Defendants and a judgment of one million dollars or an amount to be determined by a jury.

Before the court are Defendants' motion to dismiss for failure to state a claim [Docket No 32] and to stay discovery pending resolution of their motion to dismiss [Docket No. 39] and Plaintiffs' motion for scheduling order[1] [Docket No. 37]. The motion to dismiss for failure to state a claim is hereby granted. The remaining motions are moot.

---

[1] The court directs Plaintiffs to Local Civil Rule 7.1(c) and (k). A response or reply brief may not also include a motion or cross-motion. Additionally, supplemental briefs beyond the reply may only be filed upon leave of court. As the court has previously informed Plaintiffs, while it liberally construes the pleadings of all *pro se* litigants, Hall v. Bellmon, 935 F.2d 1106,

1

**MOTION TO DISMISS**

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Complaint and construes those facts in the light most favorable to Plaintiffs. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive the motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570). Plaintiffs must nudge their "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

---

1110 (10th Cir. 1991), *pro se* litigants are subject to "the same rules of procedure that govern other litigants." Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)(citation omitted).

"The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." Id. at 1250 (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief.

In sum, the "Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

## ANALYSIS

Ordinarily when addressing a motion to dismiss for failure to state a claim, the court includes a section listing the allegations in the Complaint before reaching the analysis. The court does not do so in this case because Plaintiffs did not include specific factual allegations in the Complaint. Plaintiffs included only conclusory statements and statutory citations. For instance, much like the reference to the Complaint in the first sentence of this Order & Opinion, Plaintiffs allege that Defendants: "formed a conspiracy . . . to preserve and expand Funky warrant," "have

3

perpetrated an elaborate and organized scheme of deception, defamation, and harassment aimed at discrediting and retaliating against the Plaintiff," and "are continuing unlawful and tortious conduct." Plaintiffs then cite several federal statutes, include an article on asset forfeiture and request one million dollars and an injunction. This is insufficient under Twombly and Iqbal.[2] Statutory citations and conclusory statements do not suffice.

**CONCLUSION**

For these and the other reasons stated in Defendants' motion, the motion to dismiss for failure to state a claim [Docket No 32] is GRANTED. The remaining motions [Docket Nos. 37 and 39] are moot.

**IT IS SO ORDERED** this 8th day of September, 2015.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[2] The court warned Plaintiffs in its December 11, 2014 Order that the Complaint would likely be dismissed pursuant to Twombly and Iqbal if not amended once they perfected service. Additionally, as Defendants note, the Affidavits attached to the Complaint do not cure the deficiencies. The Affidavits merely set forth the chronology of events from four different points of view, including the fact that Defendants had a warrant authorizing them to search and seize Plaintiffs' property. The Affidavits do not allege any specific illegal acts by either Defendant.